## In re MILLER.
### No. 1486.

District Court, S. D. California, S. D.

Dec. 1, 1942.

14

Richard W. Young, Percy A. Smith, and M. G. Hoffmann, all of Berkeley, Cal., for Federal Land Bank.

Vincent Whelan, of San Diego, Cal., for bankrupt.

NETERER, District Judge.

January 1924, the bankrupt executed and delivered to the Federal Land Bank creditor a promissory note for $10,000 and therewith a real estate mortgage securing the payment thereof; defaulted in required payment, and on October 10, 1938, decree in foreclosure was entered for $13,757.06, the amount due. On November 16, 1938, bankrupt filed a petition under § 203, sub. s, Tit. 11 U.S.C.A., § 75, National Bankruptcy Act, praying time to effect composition under provisions of the National Bankruptcy Act. The Conciliation Commissioner appointed November 23, 1938, for the first meeting of creditor. The bankrupt estate was appraised. The debtor failed to effect a composition, and on April 21, 1939, was adjudged a bankrupt under Section 75 of the National Bankruptcy Act as amended, § 203, sub. s. Tit. 11 U.S.C.A.; and the first meeting of creditors was held April 26, 1939. On May 8, 1942, the three-year stay of proceedings under Section 75, supra, 203, sub. s, Tit. 11 U.S.C.A., was ended. The bankrupt failed to comply with the stay order as provided by § 203, sub. s, supra, Tit. 11 U.S.C.A., or at all, and after expiration of the three years, continued default. On July 18, 1942, the judgment creditor filed with the Conciliation Commissioner as Referee, its petition praying appointment of a trustee to liquidate the bankrupt estate; thereafter on July 31, 1942, the bankrupt filed with the Conciliation Commissioner a petition praying for a reappraisal of the land in the foreclosure decree, etc.; on October 6, 1942, the Conciliation Commissioner granted reappraisal, and continued the hearing of the petition of the judgment creditor in foreclosure decree for liquidation; review of this order is sought herein.

May the bankrupt have reappraisal after the three-year limitation period? Shall the Conciliation Commissioner, as Referee, give immediate consideration of the creditor petition for liquidation of the bankrupt estate?

The limitation period ended May 8, 1942, and 83 days after the expiration of the limitation the reappraisal petition was filed.

Section 203, sub. s, supra, Tit. 11 U.S.C.A., follows: (2) "When the conditions set forth in this section [75 (203, sub. 5)] have been complied with, the court shall stay all judicial or official proceedings in any court, or under the direction of any official, against the debtor or any of his property, for a period of three years." (2) "The court, in its discretion, if it deems it necessary to protect the creditors from loss by the estate, and/or to conserve the security, *may order sold any unexempt perishable property of the debtor, or any unexempt personal property not reasonably necessary for the farming operations of the debtor * * *.*"

"(3) *At the end of three years, or prior thereto, the debtor may pay into court the amount of the appraisal of the property of which he retains possession,* including the amount of encumbrances on his exemptions up to the amount of the appraisal, less the amount paid on principal. (Italics supplied.)

This is followed by two provisos. The first states that "upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property * * * and the debtor shall then pay the value so arrived at into court * * *." The second proviso provides that "upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction."

Section 203, sub. s(6), Tit. 11 U.S.C.A. provides: "This title is hereby declared to be an emergency measure and if in the judgment of the court such emergency ceases to exist in its locality, then the court, in its discretion, may shorten the stay of proceedings herein provided for and proceed to liquidate the estate," but it may not enlarge the time.

It is obvious that the limitation of time may be accelerated. The time may be shortened but it cannot be lengthened. "A moratorium period not exceeding three years, during which the court's equitable supervision over the land continues," Wright v. Union Central Ins. Co., 304 U.S. 502, at page 515, 58 S.Ct. 1025, at page 1033, 82 L. Ed. 1490; rights and privileges are fixed.

To invest the court with power to fix a moratorium not to exceed three years, the Congress did plainly limit the time to three years. The court gave the debtor the full time limit, to compose his debt. The debtor must function within that time, if he does not the Conciliation Commissioner has no power to enlarge the time. This moratorium is a statute of limitation, and the Commissioner's power ended on May 8th, 1942, except to liquidate the bankrupt estate.

The Congressional committee exposition made in both Houses clearly shows that the Congress intended to definitely fix the moratorium period not to exceed three years.

Sen. Frazier, 79 Cong. Rec. 13831 says: "We have left his security intact, but we have made it possible for the bankruptcy court to retain jurisdiction for a period not to exceed three years."

Rep. Andresen, 79 Cong. Rec. 14332 "All it does is to give a three year extension for the time of the redemption if the court so directs."

Sen. Borah, 79 Cong. Rec. 13632 "This bill is in reality a bankruptcy bill * * * after he has filed his petition to be declared a bankrupt, the property is taken in charge by the court. The courts may postpone action with reference to the ultimate disposition of the property for a period of three years."

Rep. Lemke, "All this bill does is to comply with the decision of the Supreme Court, giving the farmer an opportunity to get a breathing spell after he goes into bankruptcy. The maximum time given him to pay his debt is three years, * * *." (These references are taken from the Security Creditor's brief.)

The order of the Conciliation Commissioner for reappraisal is reversed; the case remanded to the Conciliation Commissioner, as Referee, to proceed and liquidate the bankrupt estate as provided by law.